UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

EGLON BASCOM,                                10-CV-2350 (ARR) (LB)

              Plaintiff,                **MEMORANDUM**
-against-                                      **AND ORDER**

THE BROOKDALE HOSPITAL                         NOT FOR PRINT OR
                                               ELECTRONIC
              Defendant.                 PUBLICATION
——————————————————————X

**ROSS, United States District Judge**:

On May 21, 2010, plaintiff proceeding *pro se*, filed this claim pursuant to 42 U.S.C. § 1981 alleging that defendant is "preventing him from forming contracts" of employment as a medical resident. Plaintiff seeks "to be able to form contracts to be gainfully employed. Complete my training in Internal Medicine, Brookdale to sponsor additional training in Opthamology Residency and Fellowship to include Hospital housing. Change the American Board of Internal Medicine (ABIM) evaluation to Outstanding. $300 Million dollars and a letter of apology denouncing racism." (Compl.)

On June 8, 2010, plaintiff filed a motion for an emergency preliminary injunction to enjoin defendant from "preventing me from making contracts." (Dkt. No. 4.) On June 9, 2010, plaintiff filed an order to show cause for a preliminary injunction and asks this Court "to order the defendant to show cause why they should not be enjoined from preventing the plaintiff from making contracts until a final disposition on the merits." (Dkt. No. 3.) Finally, on June 11, 2010, plaintiff sought a temporary restraining order enjoining defendant from preventing plaintiff from making contracts.

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. As plaintiff has neither demonstrated a likelihood of success on the merits nor made a showing of irreparable harm, plaintiff's request for a temporary restraining order and preliminary injunction is denied without prejudice. Additionally, for the reasons set forth below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## BACKGROUND

Plaintiff was previously employed as a medical resident in Brookdale's Internal Medicine Department. Bascom v. Brookdale Hospital, No. 07-CV-677 (NG)(ALC), 2010 WL 475304, at *1 (E.D.N.Y Jan. 15, 2010). This is the fourth action plaintiff has filed against Brookdale Hospital in this Court; the previous three have each been for employment discrimination under Title VII.

In the first action, Bascom I, filed on December 23, 2002, Bascom alleged that Dr. Ethan Fried, the Program Director of Residency Training, harassed him on account of his race and

religion, sent Bascom's subsequent employer, Cabrini Hospital, a "derogatory" letter, and notified the American Board of Internal Medicine that Bascom's performance at Brookdale was inferior. See Bascom v. Fried, No. 02-CV-6627 (E.D.N.Y. Feb. 4, 2004), aff'd 116 Fed. Appx. 300 (2d Cir. 2004) (Bascom I was dismissed with prejudice because plaintiff's claims were untimely). Plaintiff filed six motions for reconsideration in this Court, all of which were denied. The Second Circuit affirmed the dismissal.

In Bascom II, plaintiff alleged discrimination and retaliation on the basis of race and national origin. He filed an EEOC charge on December 28, 2006 and then filed suit on February 7, 2007. Bascom v. Brookdale Hospital, No. 07-CV-677 (NG)(ALC), 2010 WL 475304, at *1. In Bascom II, defendant's motion for summary judgment was granted on January 15, 2010, on the ground that Bascom had failed to present evidence beyond "mere conjecture" that defendant had disseminated adverse employment references. Bascom did not identify the employer to whom the letter was allegedly sent by Brookdale, nor produce the letter or any other form of admissible evidence proving the letter's existence. Plaintiff's retaliation claim was dismissed on the same ground: plaintiff provided no evidence that Brookdale took any adverse action against him for filing lawsuits in this court. 2010 WL 475304, at *3.

Next, plaintiff filed a third action under Title VII against Brookdale, Bascom v. Brookdale Hospital and University Medical Center, 10-CV-1027 (ARR)(LB), on March 3, 2010. At an initial status conference held on May 6, 2010, the Honorable Lois Bloom, United States Magistrate Judge, discussed with plaintiff the possible sanctions that would be imposed on him if he continued to file actions against defendant for the same occurrence. See Initial Conf. Tr., 10-CV-1027, Dkt. No. 18 at 4, 14-16, 20. By Order dated May 7, 2010, the Court authorized defendant to serve a Rule 11 letter for sanctions upon plaintiff if plaintiff did not voluntarily

3

discontinue his third employment discrimination action against Brookdale. Plaintiff withdrew the action and, by Order dated May 12, 2010, the action was dismissed.

On May 21, 2010, plaintiff filed the instant action against Brookdale under 42 U.S.C. § 1981, alleging that defendant has interfered with his ability to contract with other hospitals to continue his residency. On June 9, 2010, plaintiff filed an order to show cause for a preliminary injunction asking the court "to order the defendant to show cause why they should not be enjoined from preventing the plaintiff from making contracts until a final disposition on the merits."

## DISCUSSION

Plaintiff has launched a new form of attack against Brookdale. However, the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure which states that a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This rule "does not require 'detailed factual allegations,'" id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555); see also Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir.2006). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 557).

Nor does plaintiff's complaint state a clam under 42 U.S.C. § 1981. To prevail on a § 1981 claim a plaintiff must show: (1) plaintiff's membership in a racial minority; (2) defendant's

4

intent to discriminate on the basis of race; and (3) discrimination concerning the plaintiff's ability to make and enforce contracts, sue, be party to a suit, give evidence, or fully and equally enjoy the benefit of all laws and proceedings for the security of persons and property. Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir.1993).

Plaintiff's allegations, in their entirety, are:

> The Brookdale Hospital is preventing me from forming contracts at the Institutions that I applied for work. This has been an on-going pattern for over 10 years. Within the last week, I applied to major hospitals within the New York area including one that I was a medical student for over a year. None of these hospitals could hire me even though the Accreditation Council for Graduate Medical Education (ACGME) is willing to consider increasing their resident complement by one and Medicare pays Institutions approximately $170,000 a year for each resident. As such, The Brookdale Hospital is violating my constitutional rights to employment.

(Compl.) Not only does plaintiff fail to allege any facts in support of his conclusion that defendant is interfering with his contracts with other hospitals, he has not alleged that defendant intentionally discriminated on the basis of race. Thus, he has not stated a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, given plaintiff's litigation history and the lengthy discussion he had with Magistrate Judge Bloom regarding his claims stemming from his employment with defendant, 10-CV-1027, Dkt. No. 18 at 4, 14-16, 20, plaintiff's filing of yet another action only nine days after withdrawing his Title VII action is malicious. In other circuits, for example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); Van Meter

5

v. Morgan, 518 F.2d 366 (8th Cir. 1975); Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972); see also Banks v. Gillie, 2004 WL 5807334 (E.D.La. Feb.26, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); Biggins v. Danberg, 2010 WL 2104275 at *2 (D. Del., 2010). Here, while plaintiff categorizes his complaint as one under 42 U.S.C. § 1981, he continues to allege that defendant has conspired to ruin his career. See 10-CV-1027, Dkt. No. 18 at 2. Accordingly, plaintiff's complaint is also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's requests for a temporary restraining order and preliminary injunction filed on June 8, 2010, June 9, 2010, and June 11, 2010 are hereby denied. Plaintiff's complaint is dismissed as malicious and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Furthermore, the court must warn plaintiff that it will not tolerate such repeated litigation. The court may enter an Order barring the acceptance of any future *in forma pauperis* complaints for filing without first obtaining leave of the court to do so. 28 U.S.C. § 1651; see e.g., Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (setting forth the "unequivocal rule in this circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); see also In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants). The court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       June 15, 2010

Service List:

<u>Plaintiff (pro se)</u>:

Eglon Bascom
636 East 34th Street
Brooklyn, NY 11203

<u>Defendant</u>:

Mark S. Mancher
Jackson Lewis, LLP
58 South Service Road, Suite 410
Melville, NY 11747